IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|   |   |   |
|---|---|---|
| BOARD OF TRUSTEES, SHEET METAL WORKERS' NATIONAL PENSION FUND, et al., | ) ) ) ) ) ) | |
| Plaintiffs, | ) | |
| v. | ) ) | Civil Action No. 1:17-cv-638-CMH-MSN |
| SCHULTZVILLE SHEET METAL, LLC, | ) ) ) | |
| Defendant. | ) ) | |

## REPORT & RECOMMENDATION

This matter is before the Court on Plaintiffs' Motion for Default Judgment (Dkt. No. 6) against Defendant Schultzville Sheet Metal, LLC. Having reviewed the record, the undersigned Magistrate Judge recommends that the Court enter default judgment against Defendant in the total amount of $19,843.84.

**I.  Background**

On June 5, 2017, Plaintiffs filed this action against Defendant for failure to pay contributions pursuant to a collective bargaining agreement in violation of Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. Defendant's authorized agent was served by private process server on June 19, 2017. *See* Executed Summons (Dkt. No. 3). Defendant did not enter an appearance or otherwise respond to the Complaint, and, on July 17, 2017, the Clerk entered Defendant's default. *See* Entry of Default (Dkt. No. 5). On July 25, 2017, Plaintiffs filed the instant Motion

for Default Judgment. Defendant failed to appear at the hearing on this Motion on August 18, 2017, and the undersigned Magistrate Judge took the matter under advisement.

## II. Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and the defendant has failed to plead or defend within the time frame contained in the rules. Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, a defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting the factual allegations in complaint)). Here, as Defendant has not answered or otherwise timely responded, it has admitted the well-pled allegations of fact contained in the Complaint.

## III. Jurisdiction and Venue

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under federal law. Personal jurisdiction under 29 U.S.C. §§ 185(a) and 1132(e)-(f) and venue pursuant to 29 U.S.C. § 1132(e)(2) are proper because the funds in question are administered within the Eastern District of Virginia and because a substantial part of the events or omissions giving rise to the claims against Defendant occurred in this District. *See Bd. of Trs., Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1045 (E.D. Va. 1997).

## IV. Facts

The following facts are established by the Complaint and by the memorandum, declarations, and exhibits submitted in support of Plaintiffs' Motion for Default Judgment.

Plaintiffs, the Boards of Trustees of the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the Sheet Metal Worker's International Association Scholarship Fund ("Scholarship Fund"), the National Stabilization Agreement of the Sheet Metal Industry Trust Fund ("SASMI"), the Sheet Metal Workers' Occupational Health Institute Trust ("SMOHIT"), and the National Energy Management Institute Committee ("NEMIC") (collectively, "the Funds"), are the trustees of multi-employer employee benefit plans, as defined by ERISA, 29 U.S.C. § 1002(2), (3), (37). Compl. ¶¶ 5-8 (Dkt. No. 1). The Funds are administered in Fairfax, Virginia, and are established and maintained by a collective bargaining agreement ("Agreement") between the Sheet Metal, Air, Rail, and Transportation Union, Local Union No. 44 ("Local 44"), and Defendant. *Id.* ¶¶ 5-10, 13-14.

Defendant is a limited liability company that has been incorporated in Pennsylvania with a principal place of business in Clarks Summit, Pennsylvania. *Id.* ¶ 12. At all relevant times, Defendant was an "employer in an industry affecting commerce" as defined by the LMRA, 29 U.S.C. § 152(2), and ERISA, 29 U.S.C. §§ 1002(5), (11), (12). *Id.* ¶ 12. Pursuant to the terms of the Agreement, Defendant agreed and is obligated to submit monthly remittance reports and fringe benefit contributions to the Funds "for all hours worked or paid on behalf of [Defendant]'s covered employees within the jurisdiction of Local 44," and is bound by the terms and conditions established therein. *Id.* ¶¶ 14-15. Defendant is also bound by the terms and conditions of

various Trust Agreements establishing the Funds, including any amendments thereto and policies and procedures adopted by the Boards of Trustees ("Trust Documents"). *Id.* ¶ 15.

During the relevant period, Defendant employed employees covered by the Agreement. Compl. ¶ 12 (Dkt. No. 1). Defendant has intermittently failed to make contributions due to the Funds on behalf of Local 44 members for the time periods between June 2015 and April 2016, and May 2016 and March 2017. *Id.* ¶¶ 23-26. Through the instant action, Plaintiffs seek a judgment against Defendant for the payment of all delinquent contributions plus liquidated damages, interest, attorneys' fees, and costs pursuant to the collective bargaining agreement, ERISA, and the LMRA. *Id.* at 10; Mot. for Default J. ¶¶ 5-6 (Dkt. No. 6). In addition, Plaintiffs seek a Court order requiring Defendant to submit reports from May 2016 through March 2017 to ascertain the actual amount owed to Plaintiffs in missed contributions during this time. Mem. in Supp. 8 (Dkt. No. 6-1).

## V. Discussion and Findings

Having examined the record, the Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint and supported by Plaintiffs' Memorandum of Law, declarations, and exhibits in support of default judgment establish that Defendant failed to make contributions to Plaintiffs on behalf of its Local 44 employees for the periods of June 2015 through April 2016 and May 2016 through March 2017. Defendant's failure to make proper contributions is in violation of the collective bargaining agreement, Trust Agreements, ERISA, 29 U.S.C. § 1145, and the LMRA, 29 U.S.C. § 185, and therefore Plaintiffs are entitled to default judgment in their favor and damages as detailed below.

### A. Unpaid Contributions, Interest, and Liquidated Damages

Pursuant to remittance reports submitted by Defendant, and as attested to by Walter Shaw, Billing Manager of NPF, Defendant owes missed contributions in the amount of $10,450.41 for the months of June 2015 through April 2016, and in the estimated[1] amount of $1,767.04 for the months of May 2016 through March 2017. Compl. at 10 (Dkt. No. 1); Decl. of Walter Shaw ¶¶ 9-10 (Dkt. No. 6-2).

Article V, Section 2, of the Pension Fund Trust Document[2] establishing the Funds authorizes the fund to assess against a delinquent employer liquidated damages equal to 20% of the late contributions and interest at a rate of 0.0233% per day (or 8.5% per annum) from the date due through the date of payment. Compl. ¶ 19 (Dkt. No. 1); Mem. in Supp. 3 (Dkt. No. 6-1); Shaw Decl. ¶ 8 (Dkt. No. 6-2).

Pursuant to the Agreement and ERISA, 29 U.S.C. § 1132(g)(2), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) liquidated damages; (3) interest on late or unpaid contributions accruing from the date due through the date of payment; and (4) reasonable attorneys' fees and costs incurred in bringing this action. Based on the Declaration of Walter Shaw (Dkt. No. 6-2), and the exhibits attached thereto, Defendant owes the following amounts, exclusive of legal fees and costs:

| June 2015 through April 2016 | | | |
|---|---|---|---|
| **Delinquent Contributions** | **Accrued Interest** | **Liquidated Damages** | **Total** |
| $10,450.41 | $1,455.93 | $2,090.07 | **$13,996.41** |

---

[1] Plaintiffs allege that Defendant "failed to submit any remittance reports for the months of May 2016 through March 2017. Therefore, the Funds estimate the amounts owed based on previous reports submitted by [Defendant]." Pls.' Mem. in Supp. 7 (Dkt. No. 6-1).
[2] The Pension Fund Trust Document states the delinquency and collection rules, which have been adopted by the Funds pursuant to internal management agreements. Decl. of Walter Shaw ¶ 5 (Dkt. No. 6-2).

| May 2016 through March 2017 | | | |
|---|---|---|---|
| **Estimated Delinquent Contributions** | **Accrued Interest** | **Liquidated Damages** | **Estimated Total** |
| $1,767.04 | $82.34 | $353.43 | **$2,202.81** |

Shaw Decl. ¶¶ 9-11 (Dkt. No. 6-2).

### B. Attorneys' Fees and Costs

Plaintiffs are also entitled to all reasonable legal fees and costs incurred in the collection of delinquent contributions. The Declaration of Diana M. Bardes (Dkt. No. 6-3) establishes that Plaintiffs have incurred $3,042.50 in attorneys' fees and $602.12 in costs in connection with this matter through July 25, 2017. *See id*. ¶¶ 5, 6. The undersigned has examined the record and finds that these amounts are reasonable compensation for work necessarily expended to enforce Plaintiffs' rights. Accordingly, the undersigned recommends that Plaintiffs be awarded this amount in addition to the damages set forth above, for a total of $19,843.84.

## VI. Recommendation

The undersigned recommends that default judgment be entered against Defendant in favor of Plaintiffs in the amount of $16,199.22, plus interest on delinquent contributions continuing to accrue at a rate of 0.0233% per day (or 8.5% per annum) until full payment is made. The undersigned further recommends that Defendant be ordered to provide remittance reports for the months of May 2016 through March 2017.

## VII. Notice

By means of the Court's electronic filing system, and by mailing a copy of this Report and Recommendation to Defendant at its address for service of process, the parties are notified as

follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/<br>
Michael S. Nachmanoff<br>
United States Magistrate Judge

August 18, 2017<br>
Alexandria, Virginia